## FAIRFIELD v. GREAT FALLS MFG. CO.

(Circuit Court. D. New Hampshire. January 18, 1910.)

REMOVAL OF CAUSES (§ 27*)—CITIZENSHIP—CORPORATIONS.

Where a corporation first incorporated in New Hampshire was afterwards also incorporated in Maine, but its principal place of business was in New Hampshire, it would be regarded as a citizen of that state for purposes of removal of causes to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64-68; Dec. Dig. § 27.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Action by Orrin R. Fairfield, guardian, etc., against the Great Falls Manufacturing Company. On motion to remand the cause to the state court. Motion granted.

W. S. Pierce and Henry D. Yeaton, for plaintiff.
Edward C. Stone, for defendant.

ALDRICH, District Judge. The plaintiff, a citizen of New Hampshire, sought to remove his case from the state to the federal court on the ground of diverse citizenship. The Great Falls Manufacturing Company, the defendant, was first incorporated in New Hampshire and afterwards in Maine. Admittedly, its principal business is in New Hampshire, but it may be assumed, for purposes of discussion, that certain Maine interests, by virtue of the acts of incorporation of the state of Maine, were consolidated with those of the parent corporation.

Horne v. Railroad, 62 N. H. 454, although not binding upon the federal courts upon jurisdictional questions, is understood to state the rule correctly: That a corporation having its powers from and existing by virtue of the laws of Maine, New Hampshire, and Massachusetts, but having been originally chartered in the state of New Hampshire, is, in respect to the removal of suits instituted in the courts of that state, to be considered as a corporation created there, and, within the meaning of the words as used in the Constitution and judiciary acts of the United States, is a citizen of that state. This rule has not only been acted upon for more than a quarter of a century, in respect to such corporations as the Boston & Maine and the Grand Trunk Railroads, holding charters from several local sovereignties, but is supposed to be abundantly supported by the decisions of the Supreme Court of the United States. It is quite sufficient for the purposes of this question to refer to the federal cases cited in the opinion in Horne v. Railroad.

The defendant moves to remand on the ground that this case is not one of diverse citizenship, and I think the case should be remanded. The plaintiff, who seeks removal, relies upon the Nashua & Lowell Railroad Case, 136 U. S. 356; 381, 382, 10 Sup. Ct. 1004, 34 L. Ed. 363, and it must be admitted that, upon casual reading, that case gives some color to the argument which he makes. Yet it has not been understood that it at all modifies the rule stated in Horne v. Railroad, supra. It would be idle to undertake to state all the views which differentiate the two situations. The Nashua & Lowell corporation went out of New Hampshire, where it was created, and brought suit in the federal courts in the District of Massachusetts against a corporation created by that state and with which it had been united and in a sense consolidated. The reasoning of that case seems to be that the identity and citizenship of the New Hampshire corporation was not extinguished by its union or consolidation with the Massachusetts corporation, and upon the familiar law that each corporation has its existence and domicile, so far as the term can be applicable to the artificial person, within the territory of the sovereign creating it, and that by the general law railroad corporations created by two or more states, though joining their interests, do not lose their identity, and that each one has its existence and its standing in the courts of the country, only by virtue of the legislation of the state by which it is created. The case of a citizen of New Hampshire against the Great Falls Manufacturing Company, a corporation not only created but having its principal business in that state, would thus seem to be within the reasoning of the Nashua & Lowell Case.

The motion is granted, and the case remanded to the state court from whence it came.